**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**V.**                        **CASE NO. 5:25-CR-50058**

**ADRIAN SCOTT MOORE**                                    **DEFENDANT**

**OPINION AND ORDER**

Currently before the Court are Defendant Adrian Scott Moore's Motion to Dismiss Indictment and Brief in Support (Doc. 28), the Government's Response in Opposition (Doc. 31), and Mr. Moore's Reply (Doc. 33). For the reasons stated below, the Motion is **DENIED**.

Mr. Moore moves to dismiss the two-count Indictment charging him in Count 1 with possession of a machinegun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2) and in Count 2 with possession of an unregistered machinegun in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. He contends that both charges are unconstitutional because the Second Amendment to the United States Constitution presumptively permits him to possess a machinegun. In addition, he maintains that prosecuting him for possessing an unregistered machinegun in Count 2 violates his due process rights under the Fifth Amendment. Lastly, he points out Counts 1 and 2 are multiplicitous, so charging them both in the same indictment violates his right to be free from double jeopardy. The Government responds that Mr. Moore's Second Amendment and due process arguments are foreclosed by binding Eighth Circuit precedent, and his double jeopardy argument is premature and would only apply if he were convicted of both crimes.

1

According to police reports, Mr. Moore went out to dinner with his wife at Pavilion Buffet on February 20, 2025. He was armed with a handgun equipped with a "Glock switch" that converted it from a standard pistol to a fully automatic machinegun. The weapon was loaded with thirteen rounds of ammunition. After eating, Mr. Moore inadvertently left the weapon behind at his table and did not realize it until the following morning. When he returned to the restaurant, he learned that employees had already called the police. He admitted to police that he had purchased the Glock-switch attachment from an online store called AliExpress and produced his receipt. *See* Doc. 28, p. 3. He is now perplexed as to how an "embarrassing oversight" has resulted in federal charges. *Id.* at p. 2.

Mr. Moore's first argument in favor of dismissing the Indictment is that he has a Second Amendment right to possess a pistol equipped with a machinegun conversion device. The Eighth Circuit has held otherwise. In *United States v. Fincher*, the Court of Appeals determined that possessing a machinegun "is not protected by the Second Amendment" as such weapons "are not in common use by law-abiding citizens for lawful purposes and therefore fall within the category of dangerous and unusual weapons that the government can prohibit for individual use." 538 F.3d 868, 874 (8th Cir. 2008). Mr. Moore argues that *Fincher* is no longer good law because the decision turned on whether possession of a firearm is reasonably related to a well-regulated militia, and the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen* establishes that the right to bear arms "does not depend on service in the militia." 597 U.S. 1, 20 (2022). Rather, courts must follow a two-pronged analysis considering first, whether the Amendment's plain text covers possession of the challenged weapon, and second,

whether regulating possession of the weapon "is consistent with this Nation's historical tradition of firearm regulation." *Id.*

This Court is unpersuaded that *Fincher*'s holding has been called into question by *Bruen*. Two years after *Bruen* was decided, the Eighth Circuit reaffirmed *Fincher* in a brief *per curiam* opinion filed in *United States v. Dolphin*, a case where the defendant argued— as Mr. Moore does here—that his conviction for machinegun possession violated the Second Amendment. 2024 WL 4799546, at *1 (8th Cir. Nov. 15, 2024) (per curiam). The *Dolphin* court affirmed the conviction, citing *Fincher* for the basic proposition that possession of machineguns was "not protected by the Second Amendment." *Id.* Then, about six months ago, the Eighth Circuit issued a more fulsome explanation of its decision in *Fincher*, reiterating that the case remained correctly decided—even after *Bruen*— because its "holding relied on the plain text of the Second Amendment, which the Supreme Court later characterized [in *Bruen*] as the 'first step' in a proper Second Amendment analysis." *United States v. Charles*, 159 F.4th 555, 546–47 (8th Cir. 2025) (quoting *Bruen*, 597 U.S. at 24). Accordingly, *Fincher* remains good law,[1] and district courts like this one are "bound . . . to apply the precedent of this Circuit." *See Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003).

Next, the Court turns to Mr. Moore's contention that Count 2, which charges him with possessing an unregistered machinegun, violates his due process rights. In support

---

[1] Multiple other appellate courts are in lockstep with *Fincher*. *See, e.g.*, *United States v. One (1) Palmetto State Armory PA-15 Machinegun Receiver/Frame, Unknown Caliber Serial No. LW001804*, 822 F.3d 136, 141–43 (3d Cir. 2016); *United States v. Simmons*, 143 F.4th 200, 207 (4th Cir. 2025); *United States v. Bridges*, 150 F.4th 517, 522–29 (6th Cir. 2025); *United States v. Henry*, 688 F.3d 637, 639–40 (9th Cir. 2012); *United States v. Morgan*, 150 F.4th 1339, 1345 (10th Cir. 2025).

of this argument, he relies exclusively on a Tenth Circuit case from 1992 called *United States v. Dalton*, 960 F.2d 121, 126 (10th Cir. 1992). The *Dalton* court overturned a defendant's conviction for possession of an unregistered machinegun, reasoning that it would be impossible to comply with a legal obligation to register a machinegun when it is illegal to even possess such a weapon. *See id.* Of course, *Dalton* is not an Eighth Circuit opinion, and what's more, the Eighth Circuit has expressly declined to follow it. *See United States v. Elliott*, 128 F.3d 671, 672 (8th Cir. 1998) (finding a defendant can comply with the registration requirement "by simply refusing to possess the machinegun"); *United States v. Walker*, 428 F.3d 1165, 1172 (8th Cir. 2005) ("We have declined to follow *Dalton,* reasoning that even if a firearm cannot be registered, an individual could still comply with the law by not taking possession of it."). Accordingly, the Court declines to dismiss Count 2 as violative of Mr. Moore's due process rights.

His final argument is that the Indictment violates the Double Jeopardy Clause of the Fifth Amendment because Count 1 is a lesser-included offense of Count 2. However, the Government "is free to prove a defendant's liability for one criminal offense using multiple theories of guilt." *United States v. Platter*, 514 F.3d 782, 786 (8th Cir. 2008). And "[a]lthough the double jeopardy clause forbids prosecution for the greater offense *after conviction* of the lesser offense, . . . it is not infringed by merely charging both offenses in a single indictment where no multiple punishment results." *Arnold v. Wyrick*, 646 F.2d 1225 (8th Cir. 1981) (emphasis added). The double jeopardy claim is premature and therefore dismissed.

**IT IS THEREFORE ORDERED** that Defendant Adrian Scott Moore's Motion to Dismiss Indictment (Doc. 28) is **DENIED**.

4

**IT IS SO ORDERED** on this 4th day of May, 2026.

_____
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE